No. 04-069

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 190N

TRAVIS DEAN SMITH,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and for the County of Flathead, Cause No. DV 2003-393(B)
                    The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Travis Dean Smith, *pro se*, Deer Lodge, Montana

        For Respondent:

                Honorable Mike McGrath, Montana Attorney General, Jennifer Anders,
                Assistant Attorney General, Helena, Montana; Ed Corrigan, Flathead County
                Attorney, Daniel M. Guzynski, Kalispell, Montana

Submitted on Briefs:  May 19, 2004

Decided:  July 20, 2004

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Travis Dean Smith (Smith) appeals the Montana Eleventh Judicial District Court's denial of his Petition for Postconviction Relief and his Petition to Amend. We affirm.

## ISSUE

¶3    We restate the issue as follows: Did the District Court err when it denied Smith's Petition for Postconviction Relief?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    Smith has an extensive criminal history but we limit our discussion to those charges relevant to Smith's Petition. In May 1992, at age eighteen, Smith pleaded guilty to felony burglary and received a six-year deferred sentence, *i.e.*, the "burglary sentence". In January 1993, Smith's deferred sentence was revoked and replaced with a twenty-year suspended sentence for probation violations. In May 1993, Smith forged three checks totaling $440.00, then fled to Washington. A Report of Violation and a Petition to Revoke his suspended sentence was filed on July 8, 1993, for the forgery charge.

¶5    On August 13, 1993, Smith was arrested in Washington and charged with robbery. On August 25, 1993, while still in the county jail in Washington, Smith was served with the

2

Flathead County forgery complaint. Smith served forty-two months on the Washington robbery charge, successfully discharging that sentence. He returned to Montana on August 13, 1997, and pleaded guilty to the forgery charge. He was subsequently sentenced to ten years on the revoked burglary charge and a consecutive ten years on the forgery charge. The forgery sentence was suspended.

¶6    In October 1998, after successfully completing the Boot Camp Program, Smith petitioned for and was granted a suspension of the remainder of his ten-year burglary sentence.

¶7    In April 1999, the State sought to have Smith's suspended forgery sentence revoked for probation violations. On May 13, 1999, Smith pleaded guilty to violating certain terms and conditions of his probation. At that time, the District Court sentenced him to the Department of Corrections (DOC) for five years followed by a consecutive sentence to the Montana State Prison (MSP) for five years. The MSP sentence was suspended, subject once again to specified probation conditions. This DOC/MSP sentence was to run consecutive to to Smith's burglary sentence.

¶8    On December 18, 2002, Smith discharged the five-year DOC sentence and began serving the five-year suspended MSP sentence. Less than one month later, on January 16, 2003, Smith was once again arrested and jailed for probation violations, including a felony charge of domestic assault. The Probation Officer filed the Report of Violation on January 28, 2003. Judge Ortly released Smith on January 28 because the Probation Officer, by law, should have filed the report by January 26. The Probation Officer issued another warrant

3

for Smith's arrest on January 29. This warrant was accompanied by a Report of Violation dated January 23, 2003.

¶9 On May 1, 2003, Smith appeared with counsel before the court. The court dismissed the State's Petition to Revoke Smith's suspended sentence on the burglary charge on the grounds that Smith had discharged that sentence. Smith then admitted to various probation violations and accordingly his suspended forgery sentence was revoked. Pursuant to an agreement between Smith and the State, the court ordered Smith to serve five years at the MSP. Under the agreement, the State agreed to defer prosecution on the felony domestic assault charge. On May 6, 2003, the District Court sentenced Smith to five years at MSP with credit for time served in the Flathead County Detention Center. Smith did not appeal.

¶10 In July 2003, Smith filed a *pro se* Petition for Postconviction Relief. In his Petition, he alleged that his probation officer's failure to file a Report of Violation by January 26, 2003, resulted in his unlawful arrest. He asserted that the court should have held a hearing on the probation violations alleged in the subsequently filed Report because they were incorrect and based on hearsay. This Petition was followed in September 2003, by a Motion to Amend the Petition for Postconviction Relief. In his Motion to Amend, Smith requested that the court suspend the balance of his sentence. Smith's Motion to Amend was denied. In November 2003, Smith again asked the court to allow him to amend his postconviction Petition. In this request, Smith alleged, for the first time, that the court did not have the statutory authority to impose its May 1999 sentence of five years to DOC followed by a five-

4

year suspended sentence to MSP. He also claimed that his counsel provided ineffective assistance for failing to raise this claim.

¶11 The District Court denied Smith's Petition for Postconviction Relief on November 25, 2003, on the following grounds:

1) Smith's claim pertaining to the Probation Officer's failure to file the Report of Violation in January 2003 was without merit. The court noted that Smith appeared for a revocation hearing on May 1, 2003, at which time the Petition and Report of Violation were amended to charge probation violations occurring *after* Smith was released from custody on January 28, 2003. As a result, any procedural failures associated with the January Report of Violation were moot.

2) Pursuant to the agreement reached between Smith and the State, Smith admitted to the probation violations and received the benefit of his plea agreement with the deferred prosecution of his felony domestic assault charge.

3) Smith could have raised the issue of the late-filed Report of Violation at any time between January 26, 2003, and his hearing date of May 1, 2003. However, despite learning on January 28 that the Probation Officer failed to comply with the statute, Smith did not raise this issue. As a result, Smith waived his claim to relief based on the Report not being timely filed.

4) Smith failed to appeal his May 1, 2003, sentence, therefore under § 46-21-105(b), MCA, he was not entitled to raise this claim in postconviction proceedings.

¶12 Regarding Smith's claim that his May 1999 combined DOC/MSP sentence was unlawful and statutorily-unauthorized, the District Court held that:

1) Smith erroneously interpreted § 46-18-201, MCA (1999), which, under § 46-18-201(3)(h), MCA, specifically allows a court to sentence an offender to "any combination of subsections (2) through (3)(g)." Therefore, the court's sentence is both authorized and lawful.

2) The sentence imposed in May 1999 was specifically proposed and suggested by Smith and his counsel. The State proposed a total twenty-year sentence to MSP with ten years suspended but Smith testified that he wanted to get chemical dependency treatment and

5

participate in a pre-release program. The District Court afforded him both opportunities by imposing the combined sentence.

3) Smith's Petition for Postconviction Relief was untimely. The May 1999 sentence became final one year after its imposition. Smith did not file his Petition until November 2003.

¶13     On these grounds, the District Court denied Smith's Petition and also found that his claim of ineffective assistance of counsel for failure to raise these claims was without merit.

## STANDARD OF REVIEW

¶14     This Court reviews a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Davis v. State*, 2004 MT 112, ¶ 13, 321 Mont. 118, ¶ 13, 88 P.3d 1285, ¶ 13 (citation omitted).

## DISCUSSION

¶15     We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.

¶16     On the face of the briefs and the record on appeal it is manifest that the appeal is without merit as the issues are clearly controlled by settled Montana law, which the District Court correctly cited and interpreted, and because there is clearly sufficient evidence to support the court's findings of fact. Therefore,

¶17     We affirm the judgment of the District Court.

/S/ PATRICIA O. COTTER

6

We Concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JIM RICE